UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SALADIN FARD ALLAH,
Plaintiff,

v.

CIVIL ACTION
NO.

CAROL MICI, et al.,
MICHAEL RODRIGUEZ
Defendants'

=

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S VERIFIED MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

This is a Civil Rights action under 42 U.S.C. §1983 by the plaintiff Saladin Fard Allah, ("ALLAH") a state prisoner who is being charged illegally for restitution under a forfeiture law that does not give the Department of Correction the force of law to enact under G.L. c. 94C, §47, and 47A; which by law represent's the **Seized Controlled Substance Abuse Narcotic Drugs; Custodian; Mailing For Chemical Analysis; Distruction or Disposal upon Completion of Trial Pursuant to Mass.Gen. Law. c. 94C, §47A; blanketed under a DOC 103 DOC 525. 00. et seq., policy.** Which creates a Legislature intent in violation of Article 30 under the seperation of power's of the Massachusetts Declaration of Rights.

**STATEMENT OF FACTS**

As stated in the declaration submitted with this motion, the plaintiff has been arbitrarily charged restitution in the amount of One Hundred and Forty- four dollars ($144.00) for allegedly being

in possession of drug paraphernalia synthetic marijuana (K-2). under a DOC policy that does not give the Department of Correction the force of Law to reimburst forfeiture from the plaintiff for restitution ; which creates a legislature intent in violation of seperation of powers pursuant to Article 30 to the Massachusetts Declaration of Rights; and in violation of the Fifth, Eighth, and the Fourteenth Amendments to the United States Constitution; as Atricle 26 of Massachusetts Declaration of Rights.

ARGUMENT

POINT I

THE PLAINTIFF IS ENTITLED TO A TEMPORARY RESTRAINING ORDER AND A PRELIMINARY INJUNCTION

A. The plaintiff alleges that he has been unlawfully injured by the defendant's illegal conversion of earned property-money-interest entitlements which would afford him access to either priviledge telephone or priviledge e-mail communication with CPCS appointed sentence collateral attorney Victoria Kelleher, ("Kelleher"); Sturm v. Clark, 835 F. 2d 1009, 1015 n.3 (3rd Cir. 1987)(holding special restrictions on one attorney's prisoner consulation stated a violation of her First Amendment Rights.

B. THE BALANCE OF HARDSHIP FAVORS THE PLAINTIFF

B. The defendant's will suffer no hardship if the injunction is granted, because the law is clear that the plaintiff has a protected First Amendment right to petition the court's for redress of that erroneous crime sentence. Additionally it is also recognized that

that the plaintiff has a common law right attorney/client communication; Denius v. Dunlop, 209 F. 3d 944, 954 (7th Cir. 2000) ("First Amendment Rights of assosication and free speech extended to the right to retain and consult with an attorney.");

C. THE PLAINTIFF IS LIKELY TO SUCCEED ON THE MERITS

The plaintiff correctly avers that the likelihood of success is greater. Because it is well establish that absent some justification security threat a prisoner must be permitted contact with his attorney to place before the court's a mertiable Constitutional claim. Simpson v. Gallant, 231 F. Supp. 2d. 341, 348-49 (D.Me. 2002) (holding a claim of inability to use the jail telephone to seek the assistance of counsel states a Sixth Amendment claim).

D. THE RELIEF SOUGHT WILL SERVE THE PUBLIC INTEREST

Plaintiff properly assert it is always in the public interest for prison guards to obey the Constitution. Duran v. Anaya, 642 F. Supp. 510, 527 (D.N.M. 1986)(Respect for law, particularly by officials responsible for the administration of the [city's] correctional system, is in itself a matter of the highest public interest.");

POINT II

THE PLAINTIFF SHOULD NOT BE REQUIRED TO POST SECURITY

Pursuant to Fed.R.Civ.P. 65(c). the plaintiff request post security be waived. Because the plaintiff is indigent and unable to post security due to his prison account is currently Frozen. Elliott v. Kiesewetter, 98 F. 3d 47, 60 (3d.Cir. 19996)(Stating

that district courts have discretion to waive the bond requirement contained in Rule 65(c) of the Federal Rules of Civil Procedure if "the balance of the [] equities weighs over whelmingly in favor of the party seeking injunction");

Date: 12/18/2020

RESPECTFULLY SUBMITTED

S. F. A.,

SALADIN FARD ALLAH
#W-55483
1 HARVARD ROAD
P.O. BOX 1218
SHIRLEY, MA 01464

EXHIBIT "A"

Rec: 5/8/19

# DEPARTMENT OF CORRECTION
# NOTICE OF DISCIPLINARY HEARING

TO: ALLAH, SALADIN F I.D.#: W55483

Re: Disciplinary Report #: 435475 Date : 20190506

You have been charged with a disciplinary offense(s) which has been referred to the Hearing Officer for a hearing. A description of the offense(s) is contained in the attached Disciplinary Report. Your disciplinary hearing has been scheduled for:

5/17/19
(Date & Time of Hearing)

A Spanish translation of the Inmate Discipline Regulation, 103 CMR 430.00, and related forms are available in the inmate library.

La traducion en español de la Regulación De Disiplina, 103 CMR 430.00, y formularios acerca de la disiplina se encuentran en la libreria de presos.

If you wish to be represented, request the presence of the reporting staff person, request other witnesses, and/or request a taped hearing, please fill out the attached Request for Representation/Witness Form. If you wish to request evidence, please fill out the attached Request for Evidence Form.

Notice Served By: [signature] Date: 5/8/19 Time: 1329

Inmate's Signature: ____________ Date: ________ Time: ________

***When an Inmate has been given copies of the above enumerated documents, but refuses to sign this acknowledgement, the staff person who delivered the documents shall complete the following:

I personally delivered copies of this Notice, Disciplinary Report, Request for Representation/Witness Form, and Request for Evidence Form to : ALLAH, SALADIN F
(Inmate's Name)

and he/she refused to sign.

Staff Person's Signature: ____________ Date: ________

Print Name: ____________ Time: ________

**The actual scheduling of the hearing may be delayed if circumstances require; however, you will be notified of the actual date of the re-scheduled hearing at least twenty-four(24) hours in advance of that date.

# COMMONWEALTH OF MASSACHUSETTS
## DEPARTMENT OF CORRECTION
### DISCIPLINARY REPORT

**Inmate** ALLAH, SALADIN F **Commit No** W55483 **Location** A-1

**Date** 20190503 **D- Report No** 435475 **Institution** MCI SHIRLEY (MEDIUM)

| Category | Offense(s) |
|---|---|
| 2 | 2/11/Unauthorized use or possession of drugs, narcotics, illegal drugs, unauthorized drugs or drug paraphernalia |
| 2 | 2/24/Conduct which interferes with the security or orderly running of the institution |
| 2 | 2/32/Attempting to commit any of the above offenses, making plans to commit any of the above offenses or aiding another person to commit any of the above offenses shall be considered the same as the commission of the offense itself |
| 3 | 3/02/Receipt or possession of any contraband of items not authorized for retention by inmates |
| 3 | 3/23/Possession of tobacco products and/or an incendiary device |
| 3 | 3/27/Conduct which disrupts the normal operation of the facility or unit |
| 3 | 3/30/Attempting to commit any of the above offenses, making plans to commit any of the above offenses or aiding another person to commit any of the above offenses shall be considered the same as the commission of the offense itself |

**Description of Offense(s**

On Friday, May 3rd 2019, at approximately 1848 hrs, I, Correctional Officer Dino LoConte (assigned to the A-1 housing unit,) found Inmate Allah, Saladin (W-55483,) to be in violation of the departmental rules and regulations of M.C.I. Shirley, by smoking in his cell, being under the influence of an unknown substance, and being in possession of smoking paraphernalia.

More specifically, at approximately 1832 hrs, while conducting a security round of the A-1 housing unit, ensuring all inmates were locked-in after chow, I, Officer LoConte detected a strong odor of a burning substance, (consistent with what I believe to be synthetic marijuana,) emitting from cell 3.

As I approached the cell, one occupant of the cell, identified at this time, as Inmate Urbaez, Luis (W-111875,) was observed to be standing in front of the cell door, appearing to be concealing the actions of Inmate Allah. When asked to step aside Inmate Urbaez stated "Ok he's about to be done now anyway."

As inmate Urbaez stepped to the side of the door, Inmate Allah, holding what appeared to be a small rolled up piece of paper with a burning ember at the end, stood up from where this inmate was seated on the footlocker adjacent to the bed, stepped forward and threw the burning rolled paper ("cigarette") into the toilet. At this time, I instructed, my partner, Officer Richard Mason to unsecure the door, to verify my findings.

As the door opened, Inmate Allah was observed flushing the cell toilet, to what I believe, to destroy the evidence. At this time, a cloud of smoke then exited from the cell, and the same strong burning odor was detected. The cell was then resecured, to ensure all other inmates were locked-in prior to conducting a search of the cell.

At approximately 18:40 hrs, after all other inmates had been secured in their cells, the cell door was then unsecured and both occupants were directed to step out of the cell. A pat search was then conducted on both inmates, and both inmates were requested to sit on the flats until the completion of a search of the cell.

As a result of the search, a half empty tea bag, (commonly used as cigarette filler,) several pieces of pencil lead and charred broken pieces of razor blades, (used as an ignition source,) were recovered from the cell. End of Report

**Disciplinary Report Type:** Formal

**Has Inmate been placed on Awaiting Action Status** Yes [X] No [ ]

**Referred to DA** [ ] Yes [X] No **Referred to DDU** [ ] Yes [X] No

**20190506 07:21**

# COMMONWEALTH OF MASSACHUSETTS
## DEPARTMENT OF CORRECTION
### DISCIPLINARY REPORT

**Inmate** ALLAH, SALADIN F **Commit No** W55483 **Location** A-1

**Date** 20190503 **D- Report No** 435475 **Institution** MCI SHIRLEY (MEDIUM)

---

**Reporting Staff** Dino C LoConte **Date** 20190503 **Time** 20:43

**Days off** Wed Thu

**Shift** 3x11

**Supervisor** Shamus P Peck **Date** 20190503 **Time** 23:15

**Shift Commander** Brian R Germain **Date** 20190504 **Time** 00:53

**Disciplinary Officer** Christopher P Burke **Date** 20190506 **Time** 07:17

**Results**

**Continuance Length** **Continuance Date** **Projected Date**

**Reviewing Authority** **Date** **Time**

**Department of Correction**

**Possible Reimbursement Form**

---

TO : ALLAH SALADIN F COMMIT# : W55483

FROM: Burke,Christopher P

RE : NOTICE OF POSSIBLE REIMBURSEMENT CONCERNING D-REPORT # : 435475

DATE : 20190503

Please be advised that should you be found guilty in this disciplinary matter, a possible sanction could be restitution for all or part of the cost of damages incurred to the property you have been accused of damaging. A restitution sanction can also be applied to any expense incurred by the Department of Correction as a direct result of your actions in this disciplinary matter. Below is a list of the possible reimbursement amounts.

| # | DESCRIPTION OF ITEM | COST |
|---|---|---|
| | One year substance abuse monitoring. 525 Policy | $144.00 |
| | | |
| | | |
| | | |
| | | $144.00 |

A copy of this notice has been given to the inmate on this date 5/6/19

(Staff Signature)

MCI SHIRLEY (MEDIUM)